**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BOBBIE WATERS, INDIVIDUALLY** | § | |
| **AND AS REPRESENTATIVE OF THE** | § | |
| **ESTATE OF JONATHAN PAUL,** | § | |
| **DECEASED** | § | |
| | § | |
| *Plaintiff,* | § | **CIVIL ACTION NO. _____** |
| | § | |
| **v.** | § | |
| | § | |
| **CITY OF ARLINGTON, TEXAS,** | § | |
| **WILL JOHNSON, and JOHN DOE** | § | |
| **OFFICER** | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiff Bobbie Waters, Individually and as Representative of the Estate of Jonathan Paul, Deceased, files suit against Defendant City of Arlington, Texas ("Arlington"), Defendant Police Chief Will Johnson in his individual and official capacity, and Defendant Unknown Arlington Correctional Officer ("Officer") in his or her individual and official capacity, and alleges the following:

## I.
## NATURE AND PURPOSE OF THE ACTION

1.01    Decedent Jonathan Paul was incarcerated in the Arlington City Jail on March 9, 2015. The defendant officer(s) actions at that time violated Jonathan Paul's constitutional right to 1) Due Process of Law, 2) freedom from excessive force and unlawful restraint, 3) freedom from punishment as a pretrial detainee, and constituted 4) deliberate indifference to a pretrial detainee's safety and wellbeing.

1.02    Additionally, the Defendants had a duty to implement policies, practices, and procedures

which respected and preserved Jonathan Paul's constitutional rights. Defendants failed to implement such policies and/or the policies implemented by Defendants were constitutionally inadequate.

1.03    Defendants' actions, and their failure to implement constitutionally required policies, and/or implementation of unconstitutional policies, deprived Jonathan Paul of his rights under the United States Constitution and caused him unwarranted physical and mental anguish and death.

1.04    Bobbie Waters brings this action under 42 U.S.C. § 1983 and 1988, the Fourth, Fifth and Fourteenth Amendment to the United States Constitution, Tex. Civ. Prac. & Rem. Code § 71.021, and all other applicable constitutional provisions and laws of the United States.

## II.
## JURISDICTION AND VENUE

2.01    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343 since Bobbie Waters is suing for relief under 42 U.S.C. §1983.

2.02    Venue is appropriate in the United States District Court; Northern District of Texas, Fort Worth Division, since Tarrant County is the location of the events made the basis of this cause of action.

## III.
## PARTIES

3.01    Plaintiff Bobbie Waters resides in Dallas, Dallas County, Texas.

3.02    Defendant City of Arlington is a City located in Tarrant County in the State of Texas. Arlington funds and operates the Arlington City Jail. Defendant Arlington is responsible for the implementation of the policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. Defendant Arlington is also responsible for ensuring that all of its facilities, including the Arlington City Jail, are, in compliance with federal and state law,

department or agency policies, rules, and regulations, and related standards of care.  Defendant

Arlington is the employer of the unidentified Defendant Officer and is responsible for the acts

and/or omissions of Defendant Officer.  The City of Arlington may be served by serving its

Mayor, Clerk, Secretary or Treasurer, who may be found at Arlington City Hall located at 101 W.

Abram Street, Arlington, TX 76010. *see* CPRC 17.024(b).

3.03     Defendant Will Johnson is the Chief of Police for the City of Arlington and is responsible

for supervising and overseeing, the personnel, policies, and operations of Arlington City Jail, as

well as creating and implementing the jail's policies.  Defendant Johnson may be served at the

Arlington Police Department, 620 W Division St., Arlington, TX 76011 or wherever he may be

found.

3.04     The unidentified Defendant Officer, John Doe, is believed to have killed Jonathan Paul

and may be served wherever he or she may be found.

## IV.
## STATE ACTION

4.01     Defendants were at all times and in all material matters herein acting under color of state

law when they subjected Jonathan Paul to the wrongs and injuries hereinafter set forth.

## V.
## FACTS PARTICULAR TO PLAINTIFF'S CLAIMS

5.01     Jonathan Paul was a 42 year old male who was incarcerated in the Arlington City Jail on

March 9, 2015 as a pretrial detainee.   While incarcerated, it is believed that Defendants

transferred Mr. Paul into isolation, allegedly because Jonathan Paul was causing a disturbance in

his jail cell.  At some point during the transfer and/or while in the isolation cell, the unidentified

Defendant Officer or officers are believed to have used excessive and undue force by physically

restraining Jonathan Paul around the neck and compressing his airways, which caused him to stop

breathing. Plaintiff further believes that once it became apparent to Defendants that Jonathan Paul was unable to breathe and his life was in jeopardy due to a serious medical condition caused by the Defendants, Defendants were deliberately indifferent to Jonathan Paul's serious medical needs and they denied him life-saving medical care.   Upon information and believe, the unconstitutional or inadequate policies and customs implemented at Arlington City Jail caused Jonathan Paul's injuries and deprived him of the minimally necessary medical care to have saved his life while he was incarcerated in Arlington City Jail as a pretrial detainee.   Moreover, the inadequate supervision of the unknown Officer resulted in the Plaintiff's injury and death and/or was constitutionally inadequate to safeguard his rights.

## VI.
## CAUSES OF ACTION

6.01   Plaintiff re-alleges all preceding paragraphs with regard to all causes of action.

6.02   Pursuant to the terms of §71.021(b), *et seq.,* Tex. Civ. Prac. & Rem. Code, Bobbie Waters has a right to bring this "survival action" to recover for Jonathan Paul's personal injuries, pain and suffering, mental anguish, medical expenses, lost wages, loss of earning capacity, and other damages.

6.03   Defendants had actual notice of the injuries and death to Jonathan Paul. All conditions precedent, if any, have occurred, been performed, or have been waived.

## A.      FAILURE TO IMPLEMENT CONSTITUTIONALLY ADEQUATE POLICIES

6.04   On information and belief, Defendants Arlington and Johnson, with deliberate, callous, and conscious indifference to the constitutional rights of Jonathan Paul, and all other detainees in the Arlington City Jail, failed to implement policies, procedures, and practices necessary to provide constitutionally adequate protections to ensure safe, humane, and decent conditions to Jonathan Paul during his incarceration in the Arlington City Jail in violation of his

constitutionally protected 4th, 5th & 14th Amendment rights.

## B.    IMPLEMENTING UNCONSTITUTIONAL POLICIES

6.05    On information and belief, Defendants Arlington and Johnson, with deliberate, callous, and conscious indifference to the constitutional rights of Jonathan Paul, and all other detainees in the Arlington City Jail, developed or permitted the continuation of unconstitutional or constitutionally deficient policies, procedures, and practices which violated Mr. Paul's rights and failed to provide a constitutionally adequate level of safety, care, and security to Jonathan Paul during his incarceration in the Arlington City Jail, in violation of constitutionally protected 4th, 5th & 14th Amendment rights.

## C.    FAILURE TO TRAIN AND SUPERVISE

6.06    On information and belief, Defendants Arlington and Johnson, acting through official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of Jonathan Paul, were grossly negligent or otherwise constitutionally deficient in their failure to adequately train and/or supervise their subordinates at Arlington City Jail who violated the Plaintiff's rights.

## D.    INADEQUATE MEDICAL CARE AND FAILURE TO REMEDY A CONSTITUTIONAL VIOLATION

6.07    On information and belief, all Defendants were consciously indifferent to the constitutional rights of Jonathan Paul, by denying him minimally adequate care for his serious medical needs, and by failing to remedy the violation of his rights upon learning of the violation.

## E.    EXCESSIVE USE OF FORCE

6.08    On information and belief, Defendant John Doe Officer, acting in accordance with official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the

constitutional rights of Jonathan Paul, used excessive force on Jonathan Paul, causing him severe injuries and death in violation of constitutionally protected 4th, 5th & 14th Amendment rights.

6.09    Defendants, acting under color of law and acting pursuant to customs, practices, and policies of the City of Arlington deprived Jonathan Paul of his rights and privileges secured to him by the 4th, 5th, and 14th Amendments to the United States Constitution, and by other laws of the United States, in violation of 42 U.S.C. § 1983 and related provisions of federal law.

6.10    In making the above stated actions and/or omissions, Defendants knew or should have known that they were acting against the clear dictates of current law, and knew or should have known that as a direct consequence of their deliberate decisions, the very situation that occurred --*i.e.,* injury and death to a prisoner - in all reasonable probability would occur.

6.11    Defendants, through these actions, proximately caused the deprivation of Jonathan Paul's rights to due process of law and right to be free from cruel or unusual punishment subjecting him to periods of pretrial incarceration under unduly painful, horrifying, and dangerous conditions resulting in his serious injury and death. Defendants' actions were singularly, or in combination, the legal cause of injuries and damages to Jonathan Paul.

## VII.
## REQUESTED RELIEF

7.01    Bobbie Waters re-alleges paragraphs 1.01 to 6.11, inclusive, with regard to all requests for relief.

7.02    Bobbie Waters is entitled to recover and hereby requests the award of the following damages within the jurisdictional limits of this Court:

       a.   Physical and mental pain and suffering;

       b.   Reasonable burial and funeral expenses;

       c.   Pain and suffering and mental anguish suffered by Jonathan Paul prior to his

death;

    d.   Lost wages and loss of earning capacity; and

    e.   Past medical expenses.

7.03    Bobbie Waters is also entitled to recover and hereby requests the award of exemplary damages, reasonable attorneys' fees, and costs of court.

7.04    Pursuant to 42 U.S.C. § 1988, and other applicable laws, Bobbie Waters should be awarded attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required.

## VIII.
## JURY DEMAND

8.01    Bobbie Waters respectfully demands a trial by jury.

## IX.
## PRAYER

9.01    Bobbie Waters prays that Defendants be cited to appear and answer herein and that, upon final hearing, Bobbie Waters has the following relief:

    a.   Recovery of damages consistent with the allegations of this Complaint;

    b.   Recovery of reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

    c.   Recovery of costs herein expended;

    d.   Pre-judgment interest and post-judgment interest as permitted by law; and

    e.   Such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**THE BARTOLOMEI FIRM**

/s/ Luis P. Bartolomei
Luis P. Bartolomei
State Bar No. 00796172
luis@thebartolomeifirm.com
Ramez F. Shamieh
State Bar No. 24066683
ramez@thebartolomeifirm.com

3710 Rawlins Street, Suite 1420
Dallas, Texas 75219
214.741.2662 Telephone
214.741.4717 Facsimile

**ATTORNEY FOR PLAINTIFF**