

NORTHERN DISTRICT OF TEXAS

FILED

AUG 1 4 2015

CLERK, U.S. DISTRICT COURT

By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BOBBIE WATERS, INDIVIDUALLY §
AND AS REPRESENTATIVE OF THE §
ESTATE OF JONATHAN PAUL, §
DECEASED, §
§
          Plaintiff, §
§
VS. § NO. 4:15-CV-384-A
§
CITY OF ARLINGTON, TEXAS, §
ET AL., §
§
          Defendants. §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant City of Arlington Police Chief Will Johnson ("Johnson") to dismiss. Plaintiff, Bobbie Waters, individually, and as representative of the Estate of Jonathan Paul, Deceased, has failed to respond to the motion, which is ripe for ruling. The court, having considered, the motion, the record, and applicable authorities, finds that the motion should be granted.

Plaintiff filed her original complaint on May 20, 2015, asserting claims arising out of the death of Jonathan Paul ("Paul") while confined in the Arlington City Jail. Plaintiff makes no allegation whatever regarding her relationship to Paul. Plaintiff's apparent lack of standing to pursue her claims is one ground of the motion to dismiss.

Article III, § 2 of the Constitution says that federal
courts have jurisdiction over disputes only if there is a "case"
or "controversy." One part of this requirement is that the
plaintiff must have standing to sue. Raines v. Byrd, 521 U.S.
811, 818 (1997). Standing contains three elements: (1) plaintiff
must have suffered an injury in fact; (2) there must be a causal
connection between the injury and the conduct complained of-that
is, the injury must be fairly traceable to the challenged action
of the defendant; and (3) it must be likely, as opposed to merely
speculative, that the injury will be redressed by a favorable
decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61
(1992). Strict compliance with this jurisdictional standing
requirement is mandated. Raines, 521 U.S. at 819. Failure to
establish any element of standing deprives the court of
jurisdiction. Rivera v. Wyeth-Ayerst Labs., 283 F.3d 315, 319
(5th Cir. 2002).

Here, there is no pleading that plaintiff has suffered any
injury in fact. Plaintiff does not plead that she is a surviving
spouse or child of Paul or that she is an heir at all. In fact,
public records of which the court may take judicial notice[1] show
that plaintiff has unsuccessfully sought appointment as
independent administrator of Paul's estate, but has not shown the

---

[1]Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986).

probate court that she has any relationship to Paul. Doc. 11, 2-
8.[2] It would have been simple enough to correct this shortcoming,
but plaintiff has made no attempt to do so. Plaintiff has not
established that she has standing to pursue a survival cause of
action. See Tex. Civ. Prac. & Rem. Code §71.021.

Plaintiff's application filed in the probate court reflects
that Paul's heirs are an aunt, an uncle, and a half-brother of
Paul's mother. None of these people would have a wrongful death
claim against defendants in this action. Tex. Civ. Prac. & Rem.
Code § 71.004(a).

Johnson alternatively asserts that plaintiff's claims
against him must be dismissed for failure to state a claim. The
court agrees. Plaintiff has not alleged any facts to show any
involvement by Johnson in the events about which she complains.
The law is clearly established that the doctrine of respondent
superior does not apply to § 1983 actions. Monnell v. New York
City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Williams v.
Luna, 909 F.2d 121, 123 (5th Cir. 1990). Rather, the misconduct
of a subordinate must be affirmatively linked to the action or
inaction of the supervisor. Southard v. Texas Bd. of Crim.
Justice, 114 F.3d 539, 550 (5th Cir. 1997). A supervisor may be

---

[2]The "Doc." reference is to the Clerk's electronic filing record. Here, item 11 is the appendix
supporting Johnson's motion to dismiss.

liable under § 1983 if he, by action or inaction, demonstrates deliberate indifference to a plaintiff's constitutionally protected rights.  Id. at 551.  "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Board of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 410 (1997).  Neither a supervisory official nor a governmental entity can be held liable for failing to adopt policies to prevent constitutional violations.  See, e.g., Vela v. White, 703 F.2d 147, 153 (5th Cir. 1983); Reimer v. Smith, 663 F.2d 1316, 1323 (5th Cir. 1981); Wanger v. Bonner, 621 F.2d 675, 680 (5th Cir. 1980).  Moreover, a plaintiff must allege more than an isolated incident of purported harm to establish a claim against such person or entity.  Fraire, 957 F.2d at 1278; McConney v. City of Houston, 863 F.2d 1180, 1184 (5th Cir. 1989); Languirand v. Hayden, 717 F.2d 220, 227-28 (5th Cir. 1983).  Without a pattern or practice of recurring constitutional violations, neither negligence nor gross negligence suffices as a basis for liability.  Stokes v. Bullins, 844 F.2d 269, 274 (5th Cir. 1988). There must be a link between the policy and the particular constitutional violation alleged.  City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985).

4

Further, Johnson asserts that he is entitled to both official immunity and qualified immunity. Hogan v. Cunningham, 722 F.3d 725, 735 (5th Cir. 2013); Telhorster v. Tennell, 92 S.W.3d 451, 460-61 (Tex. 2002). Plaintiff has not pleaded any facts sufficient to overcome these defenses.

For the reasons discussed herein, the court is granting the motion of Johnson to dismiss. And, the court has tentatively concluded that plaintiff's claims against the other defendants should likewise be dismissed for lack of standing. However, the court is mindful of the need to give plaintiff an opportunity to address the dismissal of claims against parties who may not have filed their own motions to dismiss for lack of standing. See Carroll v. Fort James Corp., 470 F.3d 1171, 1177 (5th Cir. 2006).

Accordingly,

The court ORDERS that Johnson's motion to dismiss be, and is hereby, granted, and that plaintiff's claims against Johnson be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Johnson.

The court FURTHER ORDERS that by 4:00 p.m. on August 21, 2015, plaintiff file her response, if any, to the court's

proposed dismissal of her claims against the remaining defendants
in this action.

SIGNED August 14, 2015.

_____
JOHN McBRYDE
United States District Judge